# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL GARCIA,** | : | **CIVIL ACTION NO. 1:07-CV-1886** |
| | : | |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **DAWN CUMMINGS, as** | : | |
| **Administratrix of the Estate of** | : | |
| **WALTER CUMMINGS, and BLACK** | : | |
| **HORSE CARRIERS, INC.,** | : | |
| | : | |
| **Defendants** | : | |

------------------------------------------------------------------------

| | | |
|---|---|---|
| **DAWN CUMMINGS, Individually and** | : | |
| **as Administratrix of the Estate of** | : | |
| **WALTER CUMMINGS,** | : | |
| | : | |
| **Consolidated Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **DANIEL GARCIA and PRIME, INC.,** | : | |
| | : | |
| **Consolidated Defendants** | : | |

------------------------------------------------------------------------

| | | |
|---|---|---|
| **DAWN CUMMINGS, Individually and** | : | |
| **as Administratrix of the Estate of** | : | |
| **WALTER CUMMINGS,** | : | |
| | : | |
| **Third-Party Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **ROGER'S TOWING, INC.** | : | |
| | : | |
| **Third-Party Defendant** | : | |

**MEMORANDUM**

This is a diversity action sounding in negligence, originally filed by plaintiff

Daniel Garcia ("Garcia") against defendants Dawn Cummings ("Cummings") and

Black Horse Carriers, Incorporated ("Black Horse").  Third-party defendant

Roger's Towing, Incorporated ("RTI") has moved to dismiss (Doc. 25) the third-

party complaint (Doc. 23) filed by Cummings for lack of subject matter jurisdiction.

For the reasons that follow, the motion will be denied.

### I.    Statement of Facts[1]

The facts underlying this motion to dismiss are straightforward.  At the time

of the events in question, Garcia was employed by Prime, Incorporated ("Prime") as

a tractor trailer operator.  (See Doc. 25-4 ¶ 8.)  On July 12, 2006, Garcia arranged for

an RTI workman to repair the brake system on his truck.  (Doc. 23 ¶ 5.)  The

following day, Garcia was traveling north on Interstate 81 near Susquehanna

Township, Pennsylvania, when the brake system purportedly malfunctioned,

rendering Garcia's vehicle inoperable.  (See id. ¶ 4; Doc. 25-4 ¶¶ 7-8.)  Garcia's truck

literally came to a stop in the center lane of the interstate.  (Doc. 23 ¶ 4.)  Walter

Cummings ("Walter"), who was also operating a tractor trailer, collided into the

---

[1] In accordance with the appropriate standard of review for a motion to dismiss under Rule 12(b)(1), the court will present the facts as alleged in the third-party complaint.  See infra Part II.  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

rear of Garcia's vehicle.  (Doc. 25-4 ¶ 8.)  The collision killed Walter and caused

Garcia serious injury.  (See Doc. 23; Doc. 25-4.)

Garcia commenced the instant action on October 17, 2007.  (Doc. 1.)  On June

2, 2008, Cummings filed a third-party complaint, alleging that RTI's negligent repair

of Garcia's brake system led to the failure of Garcia's vehicle on the day of the

accident.[2]  (Doc. 23 ¶¶ 11-12.)  On June 24, 2008, RTI moved to dismiss the third-

party complaint for lack of subject matter jurisdiction.  (See Doc. 25.)  The motion to

dismiss has been fully briefed and is ripe for disposition.

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the power of a federal

court to hear a claim or case.  See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d

Cir. 2006).  In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince

the court it has jurisdiction."  Gould Elecs., Inc. v. United States, 220 F.3d 169, 178

(3d Cir. 2000).  A court must grant a 12(b)(1) motion "only if [the claim] clearly

appears to be immaterial and made solely for the purpose of obtaining jurisdiction

---

[2] Cummings initially filed a third-party complaint on February 28, 2008, (see Doc. 14), and RTI moved to dismiss the complaint on April 23, 2008, (see Doc. 17). After the parties briefed RTI's motion to dismiss, Cummings exercised her Rule 15(a) prerogative to amend the complaint "once as a matter of course . . . before being served with a responsive pleading."  (See Doc. 23); see also FED. R. CIV. P. 15(a).  The court held that the "amended complaint supercede[d] the original version" and denied RTI's motion to dismiss (Doc. 17) as moot.  (See Doc. 30); see also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002).

or is wholly insubstantial and frivolous." Id. (quoting Kehr Packages, Inc. v.

Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes

the veracity of the allegations in the complaint but argues that the pleadings fail to

present an action within the court's jurisdiction. United States ex rel. Atkinson v.

Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). The court should grant such

a motion only if it appears with certainty that assertion of jurisdiction would be

improper. Empire Kosher Poultry, Inc. v. United Food & Commercial Workers

Health & Welfare Fund of Ne. Pa., 285 F. Supp. 2d 573, 577 (M.D. Pa. 2003); see also

Kehr Packages, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded,

the court should grant leave to amend before dismissal with prejudice. See Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

In contrast, a "factual" attack argues that, although the pleadings facially

satisfy jurisdictional prerequisites, one or more of the allegations is untrue,

rendering the controversy outside of the court's jurisdiction. Carpet Group Int'l v.

Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Mortensen v. First

Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the

court is both authorized and required to evaluate the merits of the disputed

allegations because "the trial court's . . . very power to hear the case" is at issue.

Mortensen, 549 F.2d at 891; see also Atkinson, 473 F.3d at 514. In the motion *sub*

*judice*, RTI presents a facial attack on the court's subject matter jurisdiction; the court will analyze its claim accordingly.

**III.    Discussion**

Rule 14(a) of the Federal Rules of Civil Procedure allows a defendant to implead a third-party defendant "when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994) (quoting 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1446, at 355-58 (2d ed. 1990)).  This court has explained that

> [a] third-party complaint must set forth a claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to him/her under a theory of indemnification, contribution or some other theory of derivative liability recognized by the relevant substantive law. Any third-party complaint which does not facially meet this test is not proper under Rule 14 and thus falls outside of this Court's . . . jurisdiction.

Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 69 F. Supp. 2d 678, 690 (M.D. Pa. 1999) (quoting Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992)).  Thus, "there are limits to the types of claims for which impleader is permissible.  A defendant may only use Rule 14 to implead a third-party defendant where the third-party defendant is or may be liable to the defendant 'derivatively or secondarily.'" County of Hudson v. Janiszewski, Civ. A. No. 06-319, 2007 WL 2688882, at *4 (D.N.J. Sept. 13, 2007) (quoting Erkins v. Case Power & Equip. Co., 164 F.R.D. 31, 32 (D.N.J. 1995)).  In the instant matter, Cummings asserts that RTI is

5

derivatively liable for Garcia's injuries under the theory of contribution.  (See Doc. 23 ¶¶ 11-12.)

Rule 14 represents a procedural mechanism; however, a third-party plaintiff's substantive rights are governed by relevant provisions of state law.  See Nat'l R.R. Passenger Corp. (Amtrak) v. URS Corp., 528 F. Supp. 2d 525, 531 (E.D. Pa. 2007); Foulke v. Dugan, 212 F.R.D. 265, 269-70 (E.D. Pa. 2002).  Under Pennsylvania law, a claim for contribution is appropriate only when it arises between joint tortfeasors.  See Kemper Nat'l P & C Cos. v. Smith, 615 A.2d 372, 380 (Pa. Super. 1992); Pride Mobility Prods. Corp. v. Dewert Motorized Sys., No. 4:05-CV-807, 2006 WL 1997440, at *5 (M.D. Pa. July 17, 2006).  According to the Uniform Contribution Among Tort-feasors Act, 42 PA. CONS. STAT. §§ 8321-27, a "joint tort-feasor" is defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property," id. § 8322.  Pennsylvania courts have explained: "If the tortious conduct of two or more persons causes a single harm which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently."  Neal v. Bavarian Motors, Inc., 882 A.2d 1022, 1028 (Pa. Super. 2005) (quoting Capone v. Donovan, 480 A.2d 1249, 1251 (Pa. Super. 1984) and citing RESTATEMENT (SECOND) OF TORTS § 879 (1977)).

Cummings contends that RTI negligently repaired the brake system on Garcia's tractor trailer on the day preceding the accident, and that RTI's repairs caused Garcia's vehicle to malfunction mere moments before the collision occurred.

6

(Doc. 23 ¶¶ 4-5.)  In this way, Cummings argues that the harm caused by RTI's

alleged negligence is inseparable from the harm purportedly caused by Walter's

collision with Garcia.  Together, the alleged negligent acts resulted in a single harm

and, by virtue of its joint responsibility for that harm, RTI is susceptible to a claim

for contribution.[3]

The court finds Cummings' factual averments sufficient to support the

characterization of RTI and Walter as "joint tortfeasors" in this matter.  Although

RTI and Walter acted independently of one another, and each owed a distinct duty

to Garcia, see Voyles v. Corwin, 441 A.2d 381, 383 (Pa. Super. 1982) (describing

factors courts must consider in order to determine whether multiple actors

constitute joint tortfeasors), the result of their allegedly negligent activity was "a

single harm which cannot be apportioned."  Neal, 882 A.2d at 1028.  At this stage of

the litigation, it is impossible to attribute to each purported tortfeasor a percentage

of the damages incurred by Garcia, a circumstance that the court finds dispositive.

Thus, the pleadings sufficiently establish that RTI and Walter are joint tortfeasors

under the governing substantive law, rendering RTI potentially liable to Cummings

---

[3] The pleadings are an amalgamation of sorts in light of the court's directive
consolidating the two distinct actions.  (See Doc. 7.)  Specifically, it is unclear
whether Cummings intends to assert a direct liability claim against RTI in addition
to the derivative liability contention that is the subject of the motion *sub judice*.  The
court finds Cummings' claims against RTI to fall within the ambit of Rule 14(a) and
will permit RTI's impleader as a third-party defendant.  These technical
discrepancies in the pleadings will be addressed in discovery, during which the
parties will be expected to clarify precisely the issues for trial.

for contribution, <u>see</u> <u>Kemper</u>, 615 A.2d at 380.  RTI is appropriately impled as a third-party defendant.

**IV.**     <u>**Conclusion**</u>

For the foregoing reasons, RTI's motion to dismiss (Doc. 25) third-party plaintiff's complaint (Doc. 23) will be denied.

An appropriate order will issue.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        January 20, 2009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL GARCIA,** | : | **CIVIL ACTION NO. 1:07-CV-1886** |
| | : | |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **DAWN CUMMINGS, as** | : | |
| **Administratrix of the Estate of** | : | |
| **WALTER CUMMINGS, and BLACK** | : | |
| **HORSE CARRIERS, INC.,** | : | |
| | : | |
| **Defendants** | : | |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| **DAWN CUMMINGS, Individually and** | : | |
| **as Administratrix of the Estate of** | : | |
| **WALTER CUMMINGS,** | : | |
| | : | |
| **Consolidated Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL GARCIA and PRIME, INC.,** | : | |
| | : | |
| **Consolidated Defendants** | : | |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| **DAWN CUMMINGS, Individually and** | : | |
| **as Administratrix of the Estate of** | : | |
| **WALTER CUMMINGS,** | : | |
| | : | |
| **Third-Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ROGER'S TOWING, INC.** | : | |
| | : | |
| **Third-Party Defendant** | : | |

## **<u>ORDER</u>**

AND NOW, this 20th day of January, 2009, upon consideration of the motion

to dismiss (Doc. 25) third-party plaintiff's complaint (Doc. 23), filed by third-party

defendant Roger's Towing, Incorporated, and for the reasons set forth in the

accompanying memorandum, it is hereby ORDERED that:

1.   The motion to dismiss (Doc. 25) is DENIED.

2.   The pretrial stay imposed by the order of court (Doc. 29) dated
     August 21, 2008 is LIFTED.

3.   A revised pretrial and trial schedule shall issue by future order of
     court.


             S/ Christopher C. Conner
             CHRISTOPHER C. CONNER
             United States District Judge