# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN CUMMINGS, Individually** | : | **CIVIL ACTION NO. 1:07-CV-1886** |
| **and as Administratrix of the Estate** | : | |
| **of WALTER CUMMINGS,** | : | **(CONSOLIDATED)** |
|     **Consolidated Plaintiff** | : | |
| | : | **(Judge Conner)** |
|     v. | : | |
| | : | |
| **DANIEL GARCIA,** *et al.*, | : | |
|     **Consolidated Defendants** | : | |
| ---------------------------------------------------------------------- | | |
| **DAWN CUMMINGS,** *et al.*, | : | |
|     **Third-Party Plaintiffs** | : | |
| | : | |
|     v. | : | |
| | : | |
| **ROGER'S TOWING, INC.** | : | |
|     **Third-Party Defendant** | : | |

## **ORDER**

AND NOW, this 24th day of June, 2010, upon consideration of the report of the magistrate judge (Doc. 75) recommending that the motion for summary judgment (Doc. 37) filed by third-party defendant Roger's Towing ("Roger's Towing") be granted, and, following an independent review of the record, it appearing that Roger's Towing has shown an absence of evidence in the record on the dispositive issues of negligence and causation, and it appearing that no party has objected to the findings of the magistrate judge's report and recommendation,

and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 75) is ADOPTED.

2. Third-party defendant's motion for summary judgment (Doc. 37) is GRANTED.

---

[1] By letter dated November 12, 2009 (Doc. 66), third-party plaintiff Dawn Cummings ("Cummings") indicated that she would not be filing a brief in opposition to the motion for summary judgment. Cummings has also declined to submit objections to the magistrate's recommendation to grant summary judgment. When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. The Clerk of Court is directed to enter JUDGMENT in favor of third-party defendant and against third-party plaintiff on all claims.

                                                    S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge